## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS,

### AT THE JANUARY TERM, A. D. 1854.

#### CONTINUED FROM VOL. XIV.

---

## ANDERSON VS. YELL.

The liability of an endorser, according to the law merchant, is conditional upon due presentment and notice of non-payment; and, in an action against him by the holder of a promissory note, payable to order, and at a future day, the allegation of notice of non-payment is indispensable, and the omission of it in the declaration a fatal defect, for which no valid judgment could be rendered even after verdict.

The allegation of presentment on the day of maturity, is insufficient, for, if treated as commercial paper, it is entitled to days of grace.

A prior endorser, being a party to the record, but having suffered a default, is a competent witness for the holder in a suit against a subsequent endorser.

Parol evidence is inadmissible to prove that it was the intention of the parties that one of the endorsers should become bound as maker; and, on the admission of such evidence, it was error to permit the plaintiff to change a blank endorsement, as given on oyer, into one waiving demand and notice.

2BB

*Appeal from Circuit Court of Desha County.*

Hon. JOHN C. MURRAY, Circuit Judge.

TRAPNALL, for the appellant.— Baird incompetent, (4 *Wend. R.* 453. 19 *Wend.* 353. 20 *John.* 142,) being a party to the record. He was interested. 2 *Verm.* 144. 4 *Taunt.* 752. 8 *Taunt.* 139.

The filling of the endorsement was error: 1st. It was done after note offered in evidence, (6 *Eng. R.* 325); and, 2d. After evidence on both sides closed, (2 *Phil. Ev.* 407); 3d. The endorsement was so filled up as to deprive appellant of his legal right to notice. See 9 *chap.*, sec. 1, *Dig.* 3 *Eng.* 484.

CUMMINS, for appellee. After judgment by default against him, Baird was a competent witness, he consenting to testify. *Carradine & Newman vs. Crary*, 4 *Ark. R.* 227. *Hamlin vs. Fitch*, 1 *Kirby* 174. *Storrs vs. Wetmore*, *Kirby* 203. *Jackson vs. Venderbergh*, 1 *J. R.* 159. *Jackson vs. Fountain et al.*, 2 *J. Rep.* 170. *Willings et al. vs. Consequer*, 1 *Pet. C. C. Rep.* 305. *Worden vs. Williamson*, 1 *Taunt.* 378. *Warrall vs. Jones*, 7 *Bingh.* 395.

The party agreeing to join in the note, and signing to make himself co-maker, authorized holder to fill up endorsement with an absolute guarantee or waiving demand and notice, and recover thereon. *Nelson vs. Dubois*, 13 *J. R.* 175. *Bailey et al. vs. Freeman*, 11 *J. R.* 221. *De Walf vs. Jacques et al.*, 1 *Pet. R.* 476. *Hunt vs. Adams*, 5 *Mass. R.* 358. *Pres., &c., of Oxford Bank vs. Haynes*, 8 *Pick.* 423. *Story Prom. Notes*, secs. 133, 148, 147. *Story on Bills*, sec. 215, *and notes.*

Party is bound to allege demand and notice, and, under that allegation, he can prove any thing showing demand and notice not necessary or waived. *The Pres., &c., of Taunton Bank vs. Richardson et al.*, 5 *Pick.* 436. *Norton vs. Lewis*, 2 *Conn. R.* 478. *Williams vs. Mathews*, 3 *Cow.* 252.

An endorsement may be filled up on trial.   *Edwards vs. Scull,* 6 *Eng.* 325.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This was an action of debt, brought by the appellee, James Yell, against John T. Anderson, William R. Anderson, and Jas. R. Baird, the maker, and first and second endorsers of a promissory note, alleged to be lost or mislaid, to which the Andersons pleaded nil debet, and failure of consideration.   The plaintiff took issue upon the first plea and replied to the second.   He then filed an amended declaration, after which the death of John T. Anderson was suggested, and the suit ordered to be revived, and progress against his administratrix.   At a subsequent day of the same term, that order was set aside, and, on the plaintiff's motion, the suit was ordered to abate as to John T., and progress against the surviving defendants.   The plaintiff then, by leave of the court, filed a second amended declaration, which is as follows:

"ARKANSAS, SCT.

*In Desha Circuit Court, October Term, A. D.* 1852.

James Yell, plaintiff, complains of John T. Anderson, William R. Anderson, and James R. Baird, of a plea of debt.   For that, whereas, heretofore, to wit: on the 15th day of April, 1851, to wit, at the county aforesaid, the said John T. Anderson, under his style of John T. Anderson, made his certain promissory note in writing, bearing date the day and year last aforesaid, and now here to the court shown, and thereby there promised, on or before the first day of January next, after the date thereof, to pay said James R. Baird, or order, the sum of four hundred and eighty-five dollars, for value received, with interest at the rate of ten per centum per annum from due until paid, and then and there said James R. Baird endorsed and delivered the same to the said William R. Anderson, and when said note remained wholly unpaid, and then and there said William R. Anderson, when said note remained wholly unpaid, endorsed and delivered the same

to said plaintiff, which endorsements are now shown to the court here, and the said plaintiff, in fact, says that afterwards, when said note became due and payable, to wit: on the first day of January, A. D. 1852, at the county aforesaid, said plaintiff presented, and showed said promissory note to the said John T. Anderson for payment, and payment was then and there demanded, but no part thereof was then, or before, or afterwards, paid. By means whereof, said defendants became liable to pay said plaintiff said sum in said note specified, with interest thereon accruing to the tenor and effect thereof. Yet said defendants, or any of them, or any one else, has since paid the said sum in said note specified, or the interest thereon, or any part of either, either before or after said respective assignments to the parties entitled, or to the said plaintiff. To the damage of said plaintiff of five hundred dollars, therefore he sues," &c.

William R. Anderson, after having oyer of the instrument sued on, pleaded nil debet, and two special traverses, both in effect denying that he had any legal or sufficient notice of the nonpayment of the note by the maker. The grant of oyer is as follows:

$485.          .          13TH APRIL, 1851.

On or before the first day of January next, I promise to pay James R. Baird, or order, four hundred and eighty-five dollars for value received, with interest at the rate of ten per cent. per annum from due until paid.

(Signed,)          JOHN T. ANDERSON.
(Endorsed,)   Pay William R. Anderson.

          JAMES R. BAIRD.

Pay to James Yell,

          WM. R. ANDERSON."

A default was noted against Baird, failing to appear, and issues being formed upon the pleas of Wm. R. Anderson to the amended declaration, they were tried by a jury. It appears, from the bill of exceptions, that the plaintiff offered, as a witness, the defendant, Baird, and was permitted to prove by him, against the

objection of his co-defendant, Anderson, that the note sued upon was written by Wm. R. Anderson, and when it was written, he (Baird) objected to it, upon the ground that it was to have been a joint note of Wm. R. and John T. Anderson, but Wm. R. said it made no difference, and would answer as well, as he would endorse it, and that was the proper form for him to join in the note: whereupon, it was endorsed in blank by him (the witness) and William R., and delivered to the plaintiff. That afterwards, (but he could not say when it was, whether it was before or after the note became due and payable,) the plaintiff told the witness and Wm. R., that John T. Anderson had told him that he would not pay the note, and that he (the plaintiff) should hold them responsible for the full amount. Which was all the evidence in the cause, and thereupon the court permitted the plaintiff, against the objection of Wm. R. Anderson, to fill up the endorsement on the note so as to read: "Pay the within to James Yell, waiving demand and notice. Wm. R. Anderson." The court then, on motion of the plaintiff, instructed the jury, that the note and endorsements were conclusive evidence of the debt in the absence of proof of payment, and there was no necessity of proof of demand and notice, to which also the defendant excepted. The jury found the issues for the plaintiff, and thereupon a joint judgment against the two defendants, Baird and Anderson, was rendered in his favor.

Without noticing the form of the declaration being in debt instead of assumpsit, or the joinder of one of the original defendants, whose death had been suggested by the plaintiff, or the variance in the date of the instrument which appears in the transcript brought here, though it may be a clerical misprision, the judgment must be reversed, because the declaration contains no averment of notice of non-payment to the endorsers, and without which, they could not be charged. The plaintiff dose not sue as assignee, under the statute of assignments, which would require him to exhaust his remedies against the maker, or his estate, before proceeding against the assignor, but his claim is against the

endorsers, whose liability, according to the law merchant, is conditional upon due presentment and notice of non-payment. (*Walker vs. Johnson*, 13 *Ark.* 530.) An averment of notice was indispensable to the title of the plaintiff to recover, and the omission of it was a fatal defect in the declaration, upon which no valid judgment could have been rendered, even after verdict. (*Sevier vs. Holliday*, 2 *Ark.* 512.) So, the declaration is defective in the allegation of presentment. Notwithstanding the seeming misconstruction, in the report of the case, of what the court said in *Ruddle & McGuire vs. Walker*, (2 *Eng.* 462,) there can be no doubt that the note in question, if treated as commercial paper, was entitled to days of grace. What the court there meant to decide, was, that as the statute made writings obligatory for the payment of money equally negotiable with bills and notes, and enable the holder, at his option, to make the assignors primarily liable upon the condition precedent of demand and notice, by analogy the rule would be the same in regard to the time of demanding payment of a writing under seal, in order to fix the liability of the endorser. See, also, *Levy vs. Drew*, decided at the present term, as to the propriety and policy of adhering to the settled rules of the law merchant, to the extent that it is introduced or recognized by statute.

The abstract question whether Baird, the prior endorser, being a party to the record, but having suffered a default, would be for any purpose a competent witness for the plaintiff against a co-defendant, on the ground of being called to testify against his interest, is a very curious one, considered with reference to the statute making all obligations several as well as joint, and another general provision enabling any plaintiff, having a cause of action against two or more persons, to sue all or as many of them as he may think proper, so he have but one actual satisfaction; and more particularly the statute making all endorsers, upon receiving due notice of non-payment, equally liable with the maker, and providing that the holder may sue them at the same time with the maker or separately. Though the liability of the defen-

dants is not necessarily joint, the case presents another aspect of the same enquiry, which occasioned so much doubt in *Frazier v. The State Bank*, (4 *Ark. R.* 510,) and *Beebe vs. The Real Estate Bank*, (*ib.* 553,) whether the plaintiff, having elected to sue all jointly, was not bound by the consequences of his election, so that a successful defence to the merits by one would operate as a defence for all. In the case of *Pipe vs. Steel and Harvey*, (2 *Ad. & El. N. S.* 733,) the court of Queen's Bench held that, in a suit upon a joint liability of one defendant, who had suffered a default, thereby admitting a cause of action against himself, and thus becoming severed from the action, would be a competent witness for the plaintiff against a co-defendant, notwithstanding his objection, because, though the witness be interested in procuring contribution from his co-defendant—he had a greater interest in defeating the action altogether by testifying in support of a defence, which if successful, would enure to his own discharge. In a separate suit, by the holder against endorser, a prior endorser would be a competent witness for the plaintiff upon the ground of his liability to one or either of them in any event, and there appears to be no good reason for excluding him because made a party to the record. Though all the prior parties to a bill or note be sued at the same time in this statutory mode, there is nothing in the nature of a joint liability in their successive undertakings, and it would seem that the plaintiff might well succeed as to one defendant, though he fail as against the other.

But the court below erred in admitting the testimony of Baird; and, for the like reason, all the subsequent proceedings depending upon its admission, were equally erroneous, not merely because it changed the order of the liability of the parties on the note, which might possibly make no difference in a subsequent suit, as between themselves, for contribution or recourse, but because it was an attempt to explain, or vary by parol, the terms of a written contract deliberately entered into. If there was any mistake or fraud in its execution, that might have been put in issue, and corrected in a suit to reform the instrument. But when

it is considered that the plaintiff was permitted to prove that one of the defendants intended to become bound as maker, when in fact he refused to join in the note, but signed only as second endorser, and upon such proof was permitted to change the endorsement into one waiving demand and notice, which went to the jury as conclusive proof of liability, at variance with the instrument which the plaintiff had produced for oyer, and in the face of the allegations in the declaration, the whole proceeding was a remarkable violation of the rules of law, though the intention, and, for aught this court can know, the result of it may have been to attain substantial justice.   Reversed.