## WHITE *v.* CANNADA.

In an action by the assignee against the assignor of a writing obligatory, it is necessary to aver demand of the maker, and notice to the assignor of non-payment; and the omission of such averment is fatal on error, though a demurrer filed to the declaration failed to specify such defect, or point it out as a ground of demurrer.

It is error to render judgment for a greater amount of damages than is laid in the declaration.

*Error to Jefferson Circuit Court.*

Hon. WM. M. HARRISON, Circuit Judge.

WATKINS & ROSE, for the plaintiff in error.

The judgment is erroneous, because there is no averment in the declaration of demand and notice. *Sevier v. Holliday, 2 Ark., 512; Ruddel & McGuire v. Walker, 7 Ark., 462; Anderson v. Yell, 15 Ark., 14; Gould's Dig., pp. 158, 159.* Even if the defendant's default admitted all the facts alleged in the declaration, yet as that failed to aver any demand, or notice, it shows no cause of action whatever against defendant, nor any legal right in the plaintiff to recover. *Johnson v. Pierce, 12 Ark., 599; Hunt v. Burton, 18 Ark., 189.*

GARLAND & NASH, for defendant.

It is true that an indorser is entitled to notice of presentment and non-payment; yet it is not required that the declaration should aver it; it can be made to appear by proof; it is but a question of diligence; and as the declaration avers the non-payment by the maker, and states, " of all which the defendants had notice," it satisfied every rule of pleading. All questions as to the notice would then arise upon the proof, as in the cases of *Ruddell, et al., v. Walker, 2 Eng., 457 ; Jones v. Robinson, 3 Eng., 484 ; Ellis v. Dunham, 14 Ark., 127.*

The defendant, by craving oyer, waived all objections to the declaration that were not disclosed by the granting of oyer. *Taylor v. Coolidge, 17 Ark., 459; 5 Ark., 662.* Not having urged this objection in his demurrer, the defendant is deemed to have waived it, and· it will be considered by this court as cured by operation of the statute of *jeofails and amendments, Dig., pp. 862–3–4.*

The verdict and the judgment remedied the defect, if any existed. It is merely an erroneous statement of a claim, not such a statement as exhibits no claim. *Rushton v. Aspinall, Doug., 679–84; Knight v. Sharp, 24 Ark., 602; Bartlett v. Crozin, 17 John., 458; Chaffer v. Sangston, 10 Watts Penn. Rep. 265.*

COMPTON, J.

This was an action of debt by the assignee against the assignor of a writing obligatory. The defendant craved oyer, and demurred to the declaration, for variance between the writing declared on and that which was read on error. The demurrer was sustained; the plaintiff amended his declaration, and the defendant saying nothing further, final judgment was rendered in favor of the plaintiff for four hundred dollars debt, and the further sum of one hundred and ninety-five dollars damages, with cost of suit; to reverse which the defendant brought error.

The declaration, as amended—omitting the commencement, which is in the usual form—is as follows: " "For that, on the 6th day of April, 1859, one John T. Trigg, who is not sued herein, by his writing obligatory, sealed with his seal and now to the court here shown, promised, two (2) years after the said date, to pay to the said defendant, or to his order, four hundred dollars ($400) for value received, with the interest thereon, at the rate of six per cent. per annum, from said 6th day of April, A. D. 1859, until paid ; and the said defendant then assigned and delivered the said writing obligatory to the said plaintiff—which said assignment is here to the court shown—

of all which the said defendant had due notice. Yet the defendant has not paid the said sum of money and interest, or any part thereof, nor has the said John T. Trigg done so, but the same now remains wholly unpaid 'and due the plaintiff, to his damage of one hundred dollars."

It is insisted that the declaration discloses no right of action against the plaintiff in error ; because he is sued on his contract as assignor, and the declaration contains no averment of demand and notice. This objection is well taken. It was decided by this court, in *Anderson v. Yell, 15 Ark., 9*, that, in a case like this, demand and notice must be averred, and that an omission to do so is fatal, even after verdict. We have been referred to no adjudication, nor have we met with any, in which it has been ruled otherwise. There is certainly nothing decided in *Roselle v. Pennington & Jay, 24 Ark., 277*, and *Holleville v. Patrick, 14 Ark., 208*, which militates against the decision in *Anderson v. Yell, supra*. In the last named cases, it was held to be unnecessary to aver in the declaration the precise *time* when payment was demanded, or notice of non-payment given ; and that where time is stated in such case, under a scilicet, the plaintiff will not be confined, upon the introduction of proof, to the precise dates alleged ; but it was not decided, nor even intimated, that the plaintiff may prove demand and notice without a corresponding averment in the declaration, under which to let in the evidence. So to hold would be to disregard an elementary rule of pleading.

It has been argued, for the defendant in error, that conceding the declaration to have been defective, for want of the averment in question, yet, as the demurrer failed to specify such defect, or point it out as ground of demurrer, the declaration must be regarded as having been amended in that particular, by operation of our statute modifying the common law practice in such cases. The leading case bearing upon this point is *Davies v. Gibson, 2 Ark., 115*, in which the court, after quoting the provisions of the statute, (*Gould's Dig., chap. 133, secs. 61, 62*,) and commenting on their general object and

design, lays down, in substance, the following general rule: The party demurring is required to express specially, in his demurrer, the particular defect or imperfection which vitiates the pleading, and is not permitted to express any matter which is only cause of special demurrer at common law, while it is enjoined upon the court to amend any defect or imperfection not so stated; and when the pleading, so amended, shows sufficient matter to enable the court to give judgment according to the right of the cause, judgment must be given regardless of any defect or imperfection in the pleading. The court then proceeds to use this language: "But the general rule, as prescribed by the statute, in order to carry into complete effect the paramount object and design of the law, as before stated—as well as to prevent it from depriving parties of their legal rights, instead of assisting them in the investigation to ascertain them—must be understood with this exception, that the court cannot amend as to matters of fact, which are not in any manner stated by the parties; because it is a universal maxim that the law never requires of any person an impossibility, and the court can not by possibility know what facts do or do not exist; and therefore, when the facts stated can not, under any form of stating them, be made to exhibit a legal cause of action, or ground of defense, the pleading can not be maintained, notwithstanding this particular defect is not specially expressed in the demurrer; and the court, in enforcing the law, by proceeding to give judgment, according as the very right of the cause and matter in law shall appear, is bound to decide the matter against the party whose pleading is so defective, because he does not show any legal right to the thing in demand." This rule, as well as the exception which qualifies it, has been repeatedly recognized by this court. *Roach v. Scoggin, 2 Ark., 130; Pitcher v. Morrison, 4 Ark., 75; Brooks v. Palmer, id., 160; Outlaw v. Yell, 5 Ark., 468; Gordon v. State, 11 Ark., (6 Eng.,) 14; Biscoe v. Sneed, id., 107; Bradley v. Hume, 18 Ark., 286;* and the only difficulty that can now arise in any case is as to its application. In *Pitcher v. Morri-*

son, *supra*, it was decided that the plaintiff was entitled to judgment, notwithstanding his declaration was defective. The action was debt on a promissory note for $169 $\frac{28}{100}$, with interest at ten per cent. per annum. The breach assigned in the declaration negatived the payment of the debt, but was silent as to the interest. A demurrer to the declaration was sustained, and, on appeal to this court, it was held that, although the breach assigned was defective, yet, as no objection to the breach was specially assigned in the demurrer, the court was bound to disregard or amend it, and that inasmuch as the declaration showed a legal right in the appellant to recover of the appellee the debt, without the conventional interest mentioned in the contract, the demurrer ought to have been overruled. On the other hand, in *Gordon v. State, supra*, the exception to the general rule was applied. The suit was on an administrator's bond, and the breach assigned showed that the plaintiff's claim against the estate of the intestate had been allowed and classed; but omitted to show, as it should have done, that the probate court had ordered it to be paid, and that, afterwards, the plaintiff had demanded payment of the administrator and it had been refused. A demurrer to the declaration was overruled, and on writ of error, the judgment was held erroneous. This court said: "In no possible form of stating the facts disclosed in the declaration, can any right of action be shown in the plaintiff below; and therefore, although these imperfections were not specially expressed in the demurrer, they are without the circle of the influence of our statute regulating demurrers, as that has been uniformly expounded by this court." To the same effect are the cases of *Outlaw v. Yell*, and *Bradley v. Hume, supra*.

As has been seen, in the case now before us, no cause of action against the plaintiff in error is shown in the declaration, nor can the facts therein alleged be, in any way, so stated as to do so. The consequence is, that, in the light of the authorities above referred to, the defect in the declaration, though not specially expressed as a cause of demurrer, is not

cured by operation of the statute; but remains, and is fatal on error. The words, " of all which the said defendant has had due notice," used in the declaration, were manifestly employed by the pleader as referring to the preceding allegations, which are the execution of the instruments sued on, and its assignment to the defendant in error, and can not by any stretch of intendment be made to relate to a demand of payment upon Trigg and refusal by him to pay, when no such matters are averred, or attempted to be averred, in the declaration.

There was also error in rendering judgment for a greater amount of damages than is laid in the declaration.

Judgment reversed, and the cause remanded, with leave to the defendant in error to amend his declaration, if he shall desire to do so.