HAZARD v. WHITE.

INDORSERS—*Release of.*—To release an indorser on the ground of extension of time given by the indorsee to the maker, or on further security given by the maker to the indorsee, it must be shown that a consideration was paid or promised for the delay or further security.

WAIVER—*How shown.*—It is competent to show by parol, the waiver of demand and notice at the time of the indorsement.

LIABILITY—Demand and notice, within proper time, or a waiver thereof, must be proved, to fix the liability of the indorser.

DEMAND AND NOTICE—*Waiver of.*—An unconditional promise to pay by the indorsee, with a full knowledge of the facts by which he is released at law, is an implied waiver of demand and notice and a promise by indorser of a promissory note to pay *after due*, is *prima facie* evidence of demand and notice.

Hazard v. White.          [DECEMBER

*Appeal from Mississippi Circuit Court.*

HON. JOHN E. BENNETT, Circuit Judge.

*Palmer & Sanders,* for appellant.

This transaction was not the ordinary transfer of commercial paper, in the regular course of business, but it was a sale of the piece of paper for the reason that the maker could not pay it. Plaintiff, defendant and Ward all being present, and being parties to the transaction which culminated in the sale and assignment of the paper, were all equally affected by it. Demand was then and there made, and defendant had notice that Ward could not, would not, and did not pay the paper. The testimony of Hazard, on this point, excluded by the court, should have been received, even under the old practice. But under the Code, with its liberality of amendments, all testimony bearing on the transaction, the *res gestæ* should be received in evidence, because plaintiff had a right to amend his declaration to correspond with the testimony : *Code sec. 155, Hord v. Chandler, 13 B. Mon. 404; Coil v. Howard MS. Ky. opin. Decr. 1863; Kearney v City of Cov., 1 Met. 339; Irwin v. Bank of Bellefontaine, 6 O. St., 81; Hunter v. Hudson River R. R. Co, 20 Barbour, 493; see notes to sec. 161, Ky. Code of Practice; Coleman v. Playstead, 36 Barb. 37.*

Plaintiff should have been allowed to prove that the mortgage was taken only as collateral security—that there was no novation of the old debt. *Story on Bills, sects 427, 430, 436: Byles on Bills, 196; Mohawk Bank v. Van Horne, 7 Wendell 117; King & Houston v. State Bank, 9 Ark., 190; Smith's Mercantile Law, 268; McLemore v. Powell, 12 Wheaton 554.*

If defendant, with full knowledge, afterwards promise to pay, he is liable. *Smith's Mercantile Law, 168,* and authorities there cited, as to the mortgage. As to the demand and notice: *Story on Bills 329, and notes; Thornton v. Wynn, 12 Wheaton, 187; Byles on Bills, 236-7-8 and 9, and notes; Walker v. Walker, 7 Ark., 542; Chitty on Bills, 234-5 and 6.*

*H. M. Mc Veigh*, for appellee.

It is an inflexible rule of law that written evidence is of a higher grade than parol testimony. *Trowbridge v. Sawyer, 4 Ark., 454.* And it is a well established rule, applicable to suits in equity, as well as at law, that a parol contemporaneous agreement, contradicting or varying the written contract of the parties, is inadmissible. *See Bordon v. Peay, 20 Ark., 293.* Also the cases of *Richardson v. Comstock, 21, 67; Henly v. Brodie, 16, 516; Featherston v. Wilson, 4, 154; Bertrand v. Byrd, 5, 672; Scott v. Huey, 13, 525; Jordan v. Fenno, 13, 593; and the case of Anderson v. Yell, 15, 9,* where the court decided that it was error to permit the plaintiff to *change a blank indorsement as given on oyer into one waiving demand and notice.*

A contract cannot rest partly in writing, nor can verbal conditions be annexed to a written contract. *Black v. Bowman, 9 Ark., 501;* and when a contract is once reduced to writing, *it is to the writing alone* that we must look to ascertain what the contract really is. *Scott v. Huey, 13, 125; Jordan v. Fenno,* and cases before cited.

GREGG, J.

The appellant sued appellee as the indorser of a promissory note made by Ward and Edington. Appellee answered that appellant did not make presentment to, and demand of the makers in due time; secondly, that due notice of non-payment was not given him; and thirdly, that appellant took a mortgage of one of the makers, to secure payment, and for that consideration extended the time of payment without his knowledge or consent.

The court overruled a demurrer to the cause of defense set up in the third paragraph of the answer. The cause was then submitted to the court and a finding and judgment for the defendant, the appellant.

The note, given in evidence, was for $1000, with certain

credits thereon, dated March 12, 1866, payable to John W. White, on the 1st of October, 1866, and indorsed by White, November 14th, 1866.

The appellant offered to prove that, at the time of the indorsement, appellee said, in the presence of him and Ward, that appellant had made a good thing of it; that the note had cost him only $800, in cash; that appellant then refused to complete the trade because the note drew but six per cent interest, and Ward then agreed to pay two per cent., and did pay that for one year. Appellant also offered to prove, by parol, that in taking the mortgage, he did not agree to give Ward time on the debt; that the mortgage was only as security and the extension of time only related to the foreclosure, etc. The court sustained the objections to such parol proof. Appellant then read a letter from the appellee, dated October 29th, 1868, in which he stated "you say I have to become paymaster for the balance of the Ward and Edington note; you say you could only collect $400," etc., "having a lien on Ward's old mill." Then speaking of what per cent. Edington's estate could pay, and of a note, held against him for land, which had been transferred and could not be used, he adds: "But I can assure you, Dr., that it shall be paid if takes the last piece of property I own, though it seems hard to lose so much, when I need it so bad. I have other notes, amounting to more than *I owe you*, and if I can collect them, I will pay all indebtedness to you" etc. etc., closing by saying, "at any rate, I think I shall fix up our business satisfactory by Christmas, or before." These, with the mortgage referred to, was the substance of the evidence. The proof does not show that there was any consideration paid, or promised, for delay, or that the plaintiff put himself under any legal obligation, whatever, not to sue the obligor, and hence the defense set up in the third paragraph failed. *McLemore v. Powell 12 Wheat. 657; Byles on Bills, 316 and cases there cited; Creath's adm'r. v. Sims, 5 How. U. S. 192.*

The appellant might have proved, by parol, that the appel-

lee, at the time of the indorsement, waived his right of demand and notice, but the statements attempted to be given in evidence, had no such effect, and were properly ruled out; and the evidence offered to modify the terms of the mortgage was incompetent and properly excluded.

We are of opinion the letter of the appellee admitted his liability upon the note, and, upon this evidence, the appellant asked the court to declare the law. The court first correctly declared that demand and notice within proper time, or a waiver thereof, must be proved, to fix liability upon the appellee.

Secondly, the court declared that "the evidence introduced does not show that such a demand and notice was given, or such a waiver was made as would make the indorser liable."

This declaration of law was not supported by the evidence. If such had been given as an instruction to a jury, it would have been calculated to mislead them, and, therefore, erroneous, and when declared by the court, sitting as a jury, it was likewise erroneous.

If an indorser, with a full knowledge of the facts by which he is released by law, unconditionally promises to pay, it is an implied waiver of demand and notice, and a promise, by the indorser of a promissory note to pay it, after due, is, at least, *prima facie* evidence of demand and notice. *Byles on Bills, 285; Greenway, et al., v. Hindley, 4 Camp., 52; 12 Wheat., 187; Rogers v. Stephens, 2 Tenn., 718; Walker & Faulkner v. Walker, 4 Ark., 542,* and the cases there referred to on this subject.

The judgment herein is reversed, and the cause remanded to be further proceeded in.