## WINSTON v. RICHARDSON.

INDORSERS—*What necessary to bind.*—To charge an indorser, it is necessary to prove that payment was demanded of the maker within proper time and refused, and that the indorser had due notice thereof, or that the indorsee had used due diligence to make such demand and give such notice, or that they were waived by the indorser.

ASSIGNORS—*Notice necessary to bind.*—An assignor is not liable on his assignment, unless he has received due notice of the non-payment or protest of the instrument assigned.

### APPEAL FROM IZARD CIRCUIT COURT.

HON. ELISHA BAXTER, *Circuit Judge.*

*Watkins & Rose,* for Appellant.

Appellee sued appellant as indorser, and offered no evidence of demand of the maker and notice to the defendant. Without these, the defendant was under no obligation either moral or legal. *Green vs. Thornton,* 7 *Ark.,* 383; *Ruddell vs. Walker,* *Ib.* 457; *Grace vs. McDaniel,* 13 *Id.* 395; *Nevill vs. Hancock,* 15 *Id.* 517; *Jones vs. Robinson,* 11 *Id.* 504; *Levy vs. Drew,* 14 *Id.* 336.

There being no evidence then to support the finding, the court should have granted a new trial. *Reed vs. Latham,* 1 *Ark.,* 66; *Pogue vs. Joiner,* 7 *Id.* 463; *Russell vs. Cady,* 15 *Id.* 540; *Wallace vs. Brown,* 17 *Id.* 449; *Hicks vs. Manees,* 19 *Id.* 701.

*Byers,* for Appellee.

BENNETT, J.—This suit was originally instituted before a Justice of the Peace and came to the Circuit Court on appeal, and was founded on the following described note:

"BATESVILLE, ARK., January 1st, 1861.

One day from date I promise to pay to the order of George Case, one hundred dollars for value received with ten per cent. interest from maturity.

     (Signed)            W. T. HOBGOOD." [Seal.]

On which were the following assignments:

"For value received I assign the within to S. H. Winston, with no recourse on me.

June 15, 1861.

(Signed)                                    THOMAS WORNAC.

For value received I assign the within note to Thomas Richardson.

August 31st, 1861.

S. H. WINSTON."

There were several indorsements for various sums of money received at different times, but as these do not affect the questions as presented to us, we do not copy them.

On the 8th day of September, 1869, the cause came on to be heard and was submitted to the court sitting as a jury.

The plaintiff, to sustain his cause of action, introduced the above described note, as evidence, to which the defendant objected. The court overruled his objection and permitted the same to be read. The plaintiff then introduced Elisha Arnold, as a witness, who testified as follows:

" I was the administrator of William T. Hobgood, deceased, the maker of said note. I first took out letters during the war, during which time I paid most of the claims against said estate in full, in Confederate money. After the war, I was again required to administer upon the estate and paid, on the note, the several amounts credited and indorsed thereon, except the credit of four dollars and twenty cents. The estate was unable to pay the whole amount of the indebtedness, and has been finally settled, and I have been discharged. I do not know whether there was any order of the Probate Court authorizing me to pay the claims or not."

John A. Byler, a witness for the plaintiff, testified: "That the record book, of the Izard Probate Court, was in the country a short distance, being there for the purpose of being transcribed, and that he knew that Elisha Arnold, as administrator of William T. Hobgood, had made a final settlement with the Probate Court, and that the estate did not pay the

claims probated in full.    I dont' think there was any probate order by the Probate Court."

This was all the evidence in the case.    The transcript says: " After argument of counsel the court found the law to be in favor of the plaintiff and rendered judgment against the defendant," etc.    To which findings the defendant excepted and filed motion for a new trial, which motion was overruled.

The motion for a new trial says it should be granted, because, 1st. The court erred in permitting the note sued on to be read in evidence ; 2d. That the judgment of the court is not sustained by sufficient evidence; 3d. That the judgment of the court is contrary to law and evidence.

Upon the overruling of the motion the defendant prayed an appeal.

This is an action brought by the holder of a note against the indorser.    It has been repeatedly held, by this court, that in order to charge an indorser, it is necessary to prove that payment was demanded of the maker within proper time and refused, and that the indorser had due notice thereof, or that the indorser had used legal diligence to make such demand and give such notice, or that they were waived by the indorser.    See *Nevill vs. Hancock*, 15 *Ark.*, 571.    " An assignor is not liable on his assignment unless he has received due notice of the non-payment or protest of the instrument assigned. *Ruddell vs. Walker*, 7 *Ark.*, 457; *Grace vs. McDaniel*, 13 *Ark.*, 395; *Jones vs. Robinson*, 11 *Ark.* 504; *Levy vs. Drew*, 14 *Ib.* 336.

We look in vain through all the evidence to find any waiver of demand or notice, or where they have been made; without these, the defendant, being an indorser, was under no legal or moral obligation to pay, and the finding was supported by no evidence whatever.    The court should have sustained the motion for a new trial.    For this error, the judgment is reversed and cause remanded.