MIDDLETON *v.* MILLER COUNTY.

MILLER COUNTY *v.* KOSMINSKY.

Opinion delivered June 17, 1918.

COUNTY HEALTH OFFICER—SAME NOT AN OFFICE.—The position of county health officer as created by the Act of 1913, page 348, is not an office and does not come within the constitutional provision concerning officers holding over after the expiration of their respective terms, until the election and qualification of their successors.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*J. M. Carter,* for appellants.

1. The judgments in both cases are erroneous, and should be reversed. Kosminsky was not an officer, but a mere employee. He did not hold over. K. & C. Dig., § 629; Const., art. 19, § 5; 22 Ore. 142; 29 Pac. 356; 29 Cyc. 1365-6; 87 N. Y. Supp. 144; 59 N. E. 353; 124 U. S. 303; 103 *Id.* 5; 17 Ark. 332.

2. Kosminsky ceased to be health officer by limitation of his appointment and Middleton performed the services and his claim should be allowed. K. & C. Dig., § 4739.

*T. E. Webber* and *T. E. Webber, Jr.,* for appellees.

Kosminsky was an officer and was reappointed by the State Board of Health. His reappointment did not require the approval of the county court or judge. He held over until the appointment of his successor. Const., art. 19, § 5; 48 Ark. 305; 89 *Id.* 378; 3 Am. St. 663; 16 N. E. 384; 4 Atl. 282-4; 28 Cal. 45; 11 Cyc. 424; 38 Mo. 192.

McCULLOCH, C. J. The General Assembly of 1913 enacted a statute entitled "An Act for the Better Protection of the Public Health, and for Other Purposes," and there is a provision therein for a State Board of Health and for county health officers. Acts 1913, page 348. The section relating to the county health officer reads as follows:

"Section 13. Be it further enacted, that the office of county physician and county boards of health shall be abolished within the several counties of this State, and that instead the office of county health officer is hereby created in each county within this State; provided, however, that county physicians now in office shall serve as county health officers until the expiration of their present term. Within thirty days after the passage of this act, the State Board of Health, with the approval of the county judge, shall appoint for each county in this State a health officer, who shall serve for a term of two years. The county health officer shall be a graduate of a reputa-

ble medical college, and shall have had at least three years experience in the practice of medicine in this State. Each county health officer shall perform such duties as have heretofore been required of county physicians with relation to caring for the prisoners in the county jails, and in the caring for the inmates of county poor farms, hospitals, discharging the duties of county quarantine, and such other duties as have been lawfully required of the county physician, and shall perform such duties as may be prescribed for him under the rules, regulations and requirements of the Arkansas State Board of Health. He shall also be required to aid and assist the State Board of Health in all matters of local quarantine, inspection, prevention and suppression of disease, vital and mortuary statistics and general sanitation within his county, and make such reports to the State Board of Health as shall be demanded of him. The county health officer shall receive for his services an annual salary to be fixed by the county court, which may be payable monthly out of the county treasury. Upon the failure of the county health officer to perform the duties of his office, as herein required, he may be removed by the State Board of Health.''

Pursuant to that section the State Board of Health appointed Dr. L. J. Kosminsky as the public health officer of Miller County, and the appointment was approved by the county judge of that county. Doctor Kosminsky served for the period of two years and was reappointed by the State Board of Health, but the county judge of Miller County refused to approve the reappointment. Doctor Kosminsky continued to hold over and filed a claim with the county for the amount of the monthly salary, which had been fixed by the county court at $25 per month. The county court refused to allow the claim, but it was allowed by the circuit court on appeal, and the county has appealed to this court.

It is conceded that Doctor Kosminsky's reappointment by the State Board of Health was not effectual to

put him in for a new term, for the reason that the county judge refused to approve his reappointment, but the contention is that he holds over after the expiration of his old term under the general provision of the Constitution (§ 5, art. 19), which reads as follows:

"All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified."

The first question presented is whether the position of county health officer is an office or a mere employment. We have never drawn a precise line to mark the distinction between a public employment and a public office. The subject was discussed at considerable length in the case of *Lucas* v. *Futrall*, 84 Ark. 540, and we there approved the test laid down by the Supreme Court of the United States, which definitely contemplates as the elements of an office as distinguished from a mere employment "tenure, duration, emolument and duties" as fixed by the law creating the office. *United States* v. *Hartwell*, 6 Wall. 385. We also quoted with approval from another decision of the Supreme Court of the United States, saying that "where an office is created, the law usually fixes the compensation, prescribes its duties and requires that the appointee shall give a bond with sureties for the faithful performance of the service required." *Hall* v. *Wisconsin*, 103 U. S. 5.

It was not decided in our case referred to above, nor in either of the cases in the Supreme Court of the United States cited above, that all of those elements must be embraced in the test, nor is it necessary to so decide in the present case.

In the first place, it is suggested that the statute contains no provision for an oath of office, but if that were all that was omitted in order to complete the test in determining whether or not an office was created it would be sufficient to say in reply that the Constitution itself specifies the oath to be taken by all public officers (art. 19, § 20) and the fact that the Legislature failed to prescribe the taking of the oath would not be conclusive that

the creation of an office was not intended. It is customary, however, in the creation of an office to embrace in the statute an affirmative provision as to requiring the oath, and the fact of the omission of this requirement is of some significance in interpreting the legislative will. Again it is found that no bond is required, and this seems to be one of the elements embraced in the test of a public office. It will be observed, too, that the statute now under consideration does not prescribe the salary of the officer, but that is left to the will of the county court. The duties of the office are not fixed by the statute either, and the provision in that respect is somewhat indefinite.

Considering the provision for the appointment of a county health officer and prescribing his duties, etc., it carries with it the idea of an employment rather than that of an office, and when the omission of several of the tests is borne in mind it is evident that the lawmakers intended it merely as an employment. It is true that the position is referred to as an office, but this was manifestly intended merely as a description of the position and not as a declaration of the legislative will as to whether it should be treated as an office or as an employment. The fact, too, that the appointment by the board is subject to approval of the county judge affords additional evidence that it was intended as an employment at a salary to be fixed from time to time by the county court and not as an office with duties and compensation definitely fixed by law.

We are of the opinion, therefore, that the position of county health officer is not an office, and does not come within the constitutional provision concerning officers holding over after the expiration of their respective terms until the election and qualification of their successors.

Having reached that conclusion, it is unnecessary to determine whether the provision of the Constitution referred to would cover this kind of an office, if found to be an office and not an employment.

In the other case, Doctor Middleton was employed by the county court as the physician to make certain ex-

aminations and presented his claim for allowance, which the circuit court, on appeal, disallowed.   It is conceded that Doctor Middleton is entitled to fees if there was a vacancy in the position of county health officer.   Kirby's Digest, § 4195.

It follows that the judgment of the circuit court was erroneous in each case; so each of the judgments is reversed with directions to enter judgment disallowing the claim of Doctor Kosminsky, and allowing the claim of Doctor Middleton.