Periman v. Rogers.

4-3015

Opinion delivered June 12, 1933.

*Robert Bailey,* for appellant.

*Ward & Caudle* and *R. F. Smith,* for appellee.

SMITH, J.   J. G. Butler & Sons executed to J. G. Rogers a written lease of a filling station in the city of Russellville for the term of five years, for a rental of $6,000, to be paid in monthly installments of $100 each. The date of the contract is August 17, 1925.

There was executed on the same day in connection with this contract a guaranty which reads as follows:

"We, the undersigned, by these presents bind ourselves to pay any damages lessors may sustain during the first five year period of this lease resulting to lessors by reason of the failure of lessee to comply with its provisions in the payment of the rent stipulated therein. Witness our hands this the 17th day of August, 1925.

> "J. A. Rankin,
> "Jerome Wright,
> "Hedge McClanahan."

Rogers became ill after occupying the premises for some months and went to a hospital. The leased property was taken possession of by one Ladd, who was in possession when the leased property was sold by the lessors to C. W. Hays and John H. Periman. The testimony is in conflict as to the authority under which Ladd took possession, whether as tenant of Butler & Sons or as tenant of Rogers. Ladd defaulted in the payment of rent, and Hays and Periman brought suit against Rogers and his guarantors to recover the arrears of rent. Rogers and Rankin filed no answer, and judgment for the want of an answer was taken against them. Answer was filed by McClanahan and the administratrix of Wright, who had died, the cause having been revived against Wright in the name of his administratrix. Upon the final submission of the cause against McClanahan and the administratrix of Wright's estate, judgment was rendered in their favor by the court sitting, by consent of parties, as a jury, and from that judgment is this appeal.

The guaranty here sued on is, in our opinion, special, and not general, and inured to the benefit of the lessors, and to no other person. Its obligation is "to pay

any damages lessors may sustain," and does not run to their heirs or assigns.

At § 52 of Stearns on Suretyship (3d ed.), page 64, it is said: "A guaranty is special when it is addressed to a particular person, firm or corporation, and, when so addressed, only the promisee named in the instrument acquires any rights under it." Numerous cases are cited in the note to the text quoted which support the author's statement of the law.

At § 16 of the chapter on Guaranty in 28 C. J., page 897, it is said: "A special guaranty is one which is addressed to a particular person who alone can take advantage of it, and to whom only the guarantor can be held responsible; it usually, but not necessarily, contemplates a trust or reposes a confidence in the person to whom it is addressed."

See also Brandt, Suretyship & Guaranty, vol. 1 (3d ed.), § 133, page 282; Childs, Suretyship & Guaranty, page 258; Pingrey on Suretyship & Guaranty, (2d ed.) § 340, page 350.

Our case of *Killian* v. *Ashley*, 24 Ark. 511, is cited as holding to the contrary, but we think this is not its effect. The writing there sued upon, referred to in the opinion as "a writing obligatory," was evidently a negotiable promissory note. The instrument was executed by W. B. Easley to the order of J. O. Ashley, and assigned by the latter to J. B. Keatts, who in turn assigned to Killian, the plaintiff. It was indorsed in blank before assignment by W. E. Ashley. Suit was brought against J. O. Ashley as indorser and W. E. Ashley as guarantor.

The opinion recites that "W. E. Ashley is declared against as guarantor; and, as the indorsement was made in blank, without date, it is not certain whether he should have been declared against as security or guarantor," and it was there also said that: "By indorsing the obligation in blank, he (W. E. Ashley) gave to the payee or assignee an implied power to write above it the most absolute terms of guaranty." What these terms of guaranty were do not appear, but the opinion does state

that: "If William E. Ashley had desired to limit or qualify the terms of his guaranty, he should have done so when he made the indorsement; but when he sent forth the instrument with his name upon it, he is held to have given his implied consent to be bound by such terms as the holder of the obligation might fix upon him, in his character as guarantor."

It was there contended that, although W. E. Ashley was liable as guarantor to the payee named, the contract of guaranty did not pass by the assignment of the writing obligatory to the plaintiff for lack of privity between those parties, and that consequently the plaintiff had no right of action against the indorsing guarantor. The court said that, while there were authorities to that effect, there were other and later decisions "which hold differently upon reason and authority, which accord with the rights of parties, holders of negotiable paper," and that: "It was evidently the intention of the Legislature to facilitate their circulation, as a species of exchange, by vesting in the assignee the same interest which the assignor had." In other words, one who indorsed a negotiable promissory note in blank was liable upon such indorsement to any one acquiring title to the paper. The facts here recited make plain the distinction between that and the instant case.

The judgment of the court below is correct, and it is therefore affirmed.