Brown *v.* Clement.

4-3846

Opinion delivered May 6, 1935.

*Lake, Lake & Carlton,* for appellants.

*E. K. Edwards* and *B. E. Isbell,* for appellee.

Johnson, C. J. Appellee, S. R. Clement, is the duly qualified administrator of the estate of David McAlexander, and as such instituted this suit against appellants as indorsers upon the following writing obligatory:

"$200

"DeQueen, Arkansas, July 2, 1927.

"On or before one year after date we or either of us promise to pay to the order of E. B. Brown and Oma Brown two hundred and no/100 dollars, with interest from date at the rate of ten per cent. per annum until paid, interest payable annually. This note is given as part purchase money for south half of lots 1 and 2, block 36, DeQueen, Arkansas, to secure which a vendor's lien is hereby acknowledged. It is agreed and understood that this is one of a series of notes given for said real estate, and if any one of said notes, or interest, is not paid when due, then all notes become due and payable at option of holder.

"HOMER L. MOORE.

"Indorsed on back:

"E. F. BROWN,

"OMA BROWN."

The complaint did not specifically allege demand for payment upon the maker of the note, nor did it allege specifically that appellants were notified of dishonor. A demurrer was interposed by appellants alleging that the complaint was insufficient in law because it did not allege such demand and notice of dishonor. The demurrer being overruled by the trial court, appellants answered and alleged lack of demand and notice of dishonor. A jury being waived by the parties, the trial proceeded before the court sitting as a jury wherein testimony was adduced to the following effect: By stipulation it was agreed that $50 was paid on the note in the lifetime of McAlexander; and that no notice of dishonor was given appellant, Oma Brown. Appellant, E. F. Brown, testified that he was not notified of the dishonor of the note by the maker, and had no information in reference thereto for several months after the maturity of the note. Appellee, Clement, testified that demand for payment was made upon E. F. Brown soon after Mr. Collins was appointed administrator of the McAlexander estate, but that no demand for payment was made upon the maker of the note. Witness did not testify when the first demand was made upon appellant, Brown, for payment. The trial court found the issues in favor of appellee, and entered a judgment accordingly, from which this appeal comes.

At an early date in this court's history, it adopted the law merchant rule to the effect that the liability of an indorser upon negotiable commercial paper to a subsequent holder is conditioned upon due presentment for payment to the maker and notice of nonpayment to the indorser, and that the complaint must allege such presentment for payment and notice of dishonor to state a good cause of action. *Anderson* v. *Yell*, 15 Ark. 9; *Sevier* v. *Holliday*, 2 Ark. 512.

The doctrine thus stated was applied in the subsequent cases of *White* v. *Canada*, 25 Ark. 41; *Hazard* v. *White*, 26 Ark. 155; *Winston* v. *Richardson*, 27 Ark. 34, and many other cases extending up to the passage of the negotiable instrument act of 1913.

Appellee contends however that the doctrine heretofore stated was modified in *Killian* v. *Ashley*, 24 Ark. 518, and that the exception to the rule there announced should be applied to the facts and circumstances of the instant case.

*Killian* v. *Ashley, supra,* has no application to the facts here presented. There William E. Ashley was alleged to be either a guarantor or maker of the note in controversy, and it was decided that in either event he was not entitled to notice of dishonor. Such was the rule of the law merchant, and the holding to this effect has not been impaired by recent decisions or the negotiable instrument act of 1913. *Periman* v. *Rogers,* 187 Ark. 565, 61 S. W. (2d) 59; *Conn* v. *Atkins,* (Ky.) 13 S. W. (2d) 759. The question then arises, has the rule in reference to the contingent liability of indorsers upon negotiable instruments been changed by the negotiable instrument act of 1913?

Section 7829, Crawford & Moses' Digest, which is a section of the negotiable instrument act of 1913, provides: "When person deemed indorser. A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

It appears certain that appellants are indorsers upon the instrument under consideration when their rights are measured by the statute just quoted.

Since appellants indorsed the instrument without qualifications, they thereby become general indorsers, and their rights and liabilities are measured by § 7832, Crawford & Moses' Digest, which provides: "Every indorser who indorses without qualification warrants to all subsequent holders in due course:

"(1) The matters and things mentioned in subdivisions one, two and three of the next preceding section; and

"(2) That the instrument is at the time of his indorsement valid and subsisting.

"And, in addition, he engages that, on due presentment, it shall be accepted or paid, or both, as the case

may be, according to its tenor, and that, if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it.''

When appellants' liability as indorsers is measured by the last subdivision of the section of the statute just quoted, it definitely appears that their liability as indorsers is conditioned upon dishonor by the maker, and the performance of the necessary proceedings on dishonor by the indorsee or holder of the instrument. In other words, before the holder of an instrument may recover against an indorser, it must be alleged and proved that demand was made upon the maker of the instrument, and that he refused to honor same, and that subsequently such holder gave due notices to such indorsers of nonpayment by the maker. *Middleton* v. *Miller County,* 134 Ark. 514, 204 S. W. 421.

Appellee insists that appellants fall within the exception created by § 7881, Crawford & Moses' Digest, and that notice of dishonor was not required. The section referred to provides:

''Notice to indorser unnecessary when. Notice of dishonor is not required to be given to an indorser in either of the following cases:

''(1) Where the drawee is a fictitious person or a person not having capacity to contract, and the indorser was aware of the fact at the time he indorsed the instrument;

''(2) Where the indorser is the person to whom the instrument is presented for payment;

''(3) Where the instrument was made or accepted for his accommodation.''

Neither provision of the section of the statute just quoted has any application to the facts of this case. Moore, the maker of the note, was not a fictitious person or a person not having capacity to contract; therefore subdivision one is clearly inapplicable. Subdivision two has no application for the reason that Moore, the maker of the instrument, was the person upon whom presentment for payment should have been made, and not the

appellants as indorsers. Subdivision three has application only where instruments are negotiated for the accommodation of the indorser. A common illustration of the application of these exceptions is that where a corporation negotiates its own paper, and the officers of such corporation become indorsers thereon. See annotations under § 115, Brannan's Negotiable Instrument Law, page 866.

Appellee next contends that notice of dishonor was not required because of § 7846, Crawford & Moses' Digest, which provides:

"When presentment not required to charge indorser. Presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation, and he has not reason to expect that the instrument will be paid if presented."

We can not agree that this section excused appellee giving notice to appellant of the dishonor. This section has reference to accommodation paper as discussed above or where the party negotiating such paper has no reason to expect the instrument will be paid if presented. See annotations under § 114, Brannan's Negotiable Law, page 864.

Lastly, appellee contends that the testimony warranted the court in finding that due notice of dishonor was given to appellants. We do not so understand the testimony. No witness testified that the note was presented to the maker for payment at maturity. No excuse was alleged or proved by appellee excusing such presentment; therefore under such circumstances, no notice of dishonor could have been given to appellants.

It follows from what we have said that the trial court erred in finding the law and facts in favor of appellee, and against appellants, and for the reason stated the cause must be reversed and remanded.